JOHN LANG, APPELLANT, v. JOSHUA BROWN, RESPONDENT.

*Perpetuating testimony — Discovery — Power of county judge.*

The provisions of the Revised Statutes relating to the perpetuating of testimony are still in force.

The word " discovery," as used in the Revised Statutes, was never applied to the perpetuation of testimony.

Powers of county judge defined.

APPEAL from an order made by the county judge of Kings county, dismissing the proceedings instituted to perpetuate the testimony of one Joshua Brown in the above entitled action.

The above entitled action was pending in the Court of Common Pleas for the city and county of New York, and an order was made by the judge of such court, directing Joshua Brown to appear before the county judge of Kings county to be examined, that his testimony might be perpetuated for such action.

The motion to dismiss the proceedings was made before the county judge of Kings county, on the grounds that the justice of the Common Pleas of New York had no power to make the order, and that the statute relating to the perpetuation of testimony had been repealed by the Code of Procedure.

*Abraham Kling,* for the appellant.

*John H. Bergen,* for the respondent.

BARNARD, P. J.:

The judges of the Court of Common Pleas are county judges. (*Matter of Morgan,* 56 N. Y., 629.) County judges are clothed with the powers which a judge of the Court of Common Pleas, being of the degree of counselor of the Supreme Court and acting as a Supreme Court commissioner, could exercise. (Judiciary act, Laws of 1847, p. 638, § 27.) Such an officer can perform the duties of a Supreme Court justice at chambers.

By the Revised Statutes such an officer can perpetuate testimony. ( 2 R. S. [Edm. ed.], 414, § 33.) In all cases where an application

is made to an officer authorized to take the testimony, he may make the order returnable before any other officer authorized to take the examination, in the county where the witness resides. The county judge of Kings county is such an officer.

I can discover nothing upon which a claim can be based, that the provision of the Revised Statutes as to perpetuation of testimony is repealed. It is not in terms repealed. Section 389 of the Code has no reference to it. "No action to obtain discovery under oath in aid of the prosecution or defense of another action shall be allowed, nor shall any examination of a party be had on behalf of the adverse party, except in the manner prescribed in this chapter."

Discovery had a definite meaning under the Revised Statutes. Chancery could compel it, and the Supreme Court also could in certain cases. It never was applied to the perpetuation of testimony, and I think this section was intended to have no effect further than to abolish all actions and proceedings for a discovery which existed at the passage of the Code.

I think the order should be reversed on both grounds, with costs.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Order reversed, with ten dollars costs and disbursements.